# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

v.

DM DANNY SOITER
DOB: 08/08/1993

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM273-12

DECISION AND ORDER

(Defendant's Motion to Dismiss
Under People v. Rasauo)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 29, 2013, on DM Danny Soiter's ("Defendant") Motion to Dismiss Under People v. Rasauo. Assistant Public Defender Jane L. Kennedy represented Defendant. Assistant Attorney General Jesse J.N. Nasis appeared on behalf of the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the oral and written arguments, and legal authorities presented by both parties, the Court issues its Decision and Order **GRANTING** Defendant's motion.

## BACKGROUND

Defendant is charged with (1) Criminal Mischief (as a Misdemeanor) with a Special Allegation: Crime Against the Community; (2) Underage Consumption/Possession of an Alcoholic Beverage (as a Petty Misdemeanor) and (3) Public Intoxication (as a Violation). Complaint (Mar. 19, 2012). Upon filing of the underlying Complaint, Summons issued on

April 6, 2012, notifying Defendant to appear before the Magistrate Court on May 2, 2012. On May 2, 2012, Defendant failed to appear for an arraignment.

The Magistrate Judge executed a second Summons on May 2, 2012, notifying Defendant that arraignment would take place on May 30, 2012. On May 29, 2012, an Affidavit of Non-Service was filed with the Court representing that the Marshal's Division "attempted to serve the [Summons] on the address thereon provided but was unable to effect such service." Affidavit of Non-Service (May 29, 2012). Defendant did not appear for the May 30, 2012 arraignment. Consequently, a Bench Warrant was issued on May 31, 2012.

On December 12, 2012, Defendant was arrested by authority of the Bench Warrant at 8:26 a.m. Return of Warrant: Service (Dec. 12, 2012). Defendant was subsequently released on conditions. Order of Conditional Release & Appearance Bond (Dec. 12, 2012). In addition, Defendant was appointed counsel and a continued arraignment was set for December 19, 2012. Defendant entered a plea of not guilty and demanded a jury trial of six on December 19, 2012. Super. Ct. of Guam Minute Entry Log No. 110342 (Dec. 19, 2012). Defendant also waived his right to a speedy trial. Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case (Dec. 19, 2012).

## DISCUSSION

Defendant moves the Court to dismiss the instant case. Defendant argues that '[he] was not arraigned until December 19, 2012, beyond 60 days after the Complaint was filed. Also, Defendant maintains that he never received a Summons to appear for arraignment on a date different from the NTA." Def's. Mot. to Dismiss Under People v. Rasauo (Apr. 15, 2013). Defendant further contends that "[h]e acted in good faith and went to the Superior Court either

on December 10, 2012 or December 11, 2012 to verify if the NTA date was valid because the NTA date of December 15, 2012 fell on a Saturday." Id. Likewise, Defendant argues that "[he] has resided in Guam since birth using the same address [and] [t]he record does not indicate the reason for such delay beyond the 60 day rule created by the decision in People v. Rasuao, 2011 Guam 14." Id.

The People respond with the position that "[t]he case should be dismissed without prejudice." People's Response to Mot. to Dismiss (Apr. 12, 2013). The People contend that "there is no statutory bar to 're-prosecution.'" Id. They argue that "[Defendant] must demonstrate that he has somehow suffered some actual prejudice or that there has been some bad faith or other misconduct on the part of the People." Id.

"An arraignment is the first or preliminary step in the progress of a trial and occurs in the early stages of the proceedings." *People v. Julian*, 2012 Guam 26 ¶ 20. "At arraignment, a defendant is read the charges of the complaint, called to answer the accusation contained in the complaint, and is provided a copy of the complaint before taking a plea." *Id.* (citing 8 GCA § 60.10(b)).

Guam law relative to arraignments provides:

(a) The defendant shall be arraigned **promptly** after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.
(b) Arraignment shall be conducted in open court and shall consist of reading the indictment, information or complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto. The defendant shall be given a copy of the indictment, information or complaint before he is called upon to plead.

8 GCA § 60.10 (emphasis added).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the

Complaint." See *People v. Rasauo*, 2011 Guam 14 ¶ 14 ("Rasauo II"). This Court notes that *Rasauo II* articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." *Rasauo II* ¶ 14. "Under 8 GCA § 80.60, the term good cause is not statutorily defined." *People v. Julian*, 2012 Guam 26 ¶ 21. "Rather, good cause is defined through case law and determined by the facts and circumstances of each case." *Id.* The holding in *Rasauo II* is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. *Rasauo II* ¶ 14.

The Complaint herein was filed on March 19, 2012. Defendant was not arraigned until December 19, 2012. Nine months passed between the filing of the Complaint and Defendant's arraignment. On its face, the time period between the filing of the complaint and the arraignment is violative of the 60 day rule announced in *Rasauo II*. However, "[t]he scheduling of [a] hearing past sixty days does not automatically violate prompt arraignment under 8 GCA § 60.10(a) and [the Supreme C]ourt's holding in *Rausauo II* because good cause may still exist for the delay in not arraigning a defendant within sixty days from the filing of the complaint." *People v. Julian*, 2012 Guam 26 ¶ 28. Because the Court scheduled the arraignment on May 2, 2012, following the filing of the complaint, the Court finds that the original scheduling date was well within the sixty days. The issue now before the Court is whether good cause existed for the over nine month time frame between the filing of the Complaint and the Defendant's eventual arraignment on December 19, 2012.

The Court recognizes that Guam law requires that a summons shall issue upon filing of the criminal complaint. The specific statutory provision reads as follows:

(a) If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge **shall issue a summons** for the appearance of the defendant.

8 GCA § 15.20(a) (2005) (emphasis added).

In the instant case, the Court notes that Summons issued following the filing of the Complaint. In other cases reviewed by this Court, an Affidavit of Non-Service of Summons filed by our Marshals assists the Court in determining whether or not reasonable efforts were made to locate the Defendant. "In view of the difficulty of locating people in a modern society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases." *State v. Greenwood*, 845 P.2d 971, 979 (Wash. 1993). Hence, where law enforcement agents demonstrate "due diligence" in attempting to contact a defendant but are unable to do so, those defendants do not accrue the benefits of the running of timing rules during periods where they are out of contact with the criminal justice system. *Id.* Here, there is no basis for the Court to make such a finding absent any Affidavit of Non-Service filed relative to the initial Summons issued on April 6, 2012. There is no showing that Summons was served on the Defendant and the record seems to so indicate that good faith was demonstrated by the Defendant to come to Court on the date noted in the Notice to Appear.[1]

For the reasons above, and the People's non-opposition, this case is dismissed without prejudice.

---

[1] The Court recognizes that an Affidavit of Non-Service was filed relative to the Second Summons issued on May 2, 2012.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss under People v. Rasauo. This case is hereby dismissed without prejudice.

**SO ORDERED** this __6__ day of JUNE, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

JUN 06 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam